Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Nelson A. Campbell (SBN 357579)
ncampbell@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NOVELTY TEXTILE, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>SAVED BY THE DRESS, INC., a Florida Corporation; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR**<br>**1.  COPYRIGHT INFRINGEMENT**<br><br><u>Jury Trial Demanded</u> |

Plaintiff Novelty Textile, Inc. d/b/a ("Novelty") hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1.     This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2.     This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.     Novelty is a California corporation with its principal place of business located at 2944 E. 44th St, Vernon, CA 90058.

5.     Upon information and belief, Defendant Saved By The Dress, Inc. ("SBTD") is a Florida corporation with its principal place of business located at 420 Lincoln Rd, Unit 250, Miami Beach, FL 33139. SBTD is doing business in and with California and this judicial district by distributing and selling the Accused Products (defined below) in this judicial district.

6.     Upon information and belief, Defendants Does 1-10 ("DOE Defendants") (collectively with SBTD, "Defendants") are other parties not yet identified who have infringed Novelty's copyrights, have contributed to the infringement of Novelty's copyrights, or have engaged in one or more of the wrongful acts alleged herein. The true names, whether corporate, individual, or otherwise, of Defendants Does 1-10 are presently unknown to Novelty, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

7.     Upon information and belief, at all relevant times, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of

such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted the acts or conduct alleged, with full knowledge of each and every violation of Novelty's rights and the damages to Novelty proximately caused thereby.

### INFRINGEMENT OF SUBJECT DESIGN A

8. Prior to the infringement alleged herein, and at all relevant times, Novelty owns an original two-dimensional artwork for purposes of textile printing. It allocated this design the name Novelty 2271 ("Subject Design A").

9. Novelty holds a U.S. copyright registration covering Subject Design A.

10. Prior to the infringement alleged herein, Novelty had formatted Subject Design A for use in textiles and sampled and sold fabric bearing Subject Design A to parties in the fashion and apparel industries.

11. Following this distribution of products bearing Subject Design A, Novelty's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design A and were selling fabric and garments bearing illegal reproductions and derivations of Subject Design A.

12. Novelty is informed and believes and thereon alleges that, following this distribution of fabric bearing Subject Design A, Defendants, and each of them, created, manufactured, caused to be manufactured, imported, distributed, offered for sale, and/or sold garments bearing designs that are substantially and/or strikingly similar to Subject Design A (the "Accused Products A").

13. A comparison of Subject Design A (left) and non-inclusive exmplars of the Accused Products A (right) are set forth below; it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs are substantially and/or strikingly similar:

///

///

| Subject Design A | Accused Product A |
|---|---|
| Novelty 2271 | Offending Product Name: "Gray Floral Distressed Hoodie" |
|  | |

4

| Subject Design A | Accused Product A |
|---|---|
| Novelty 2271 | Offending Product Name: "Charcoal Cold Shoulder Floral Top" |
|  |  |

COMPLAINT

| Subject Design A | Accused Product A |
|---|---|
| Novelty 2271 | Offending Product Name: "Gray and Red Floral Hoodie with Pocket" |
|  |  |

## INFRINGEMENT OF SUBJECT DESIGN B

14.    Prior to the infringement alleged herein, and at all relevant times, Novelty owns an original two-dimensional artwork for purposes of textile printing. It allocated this design the name Novelty 2161 ("Subject Design B").

15.    Novelty holds a U.S. copyright registration covering Subject Design B.

16.    Prior to the infringement alleged herein, Novelty had formatted Subject Design B for use in textiles and sampled and sold fabric bearing Subject Design B to parties in the fashion and apparel industries.

17.    Following this distribution of products bearing Subject Design B, Novelty's investigation revealed that certain entities within the fashion and apparel

COMPLAINT

industries had misappropriated Subject Design B and were selling fabric and garments bearing illegal reproductions and derivations of Subject Design B.

18.     Novelty is informed and believes and thereon alleges that, following this distribution of fabric bearing Subject Design B, Defendants, and each of them, created, manufactured, caused to be manufactured, imported, distributed, offered for sale, and/or sold garments bearing designs that are substantially and/or strikingly similar to Subject Design A (the "Accused Products B").

19.     A comparison of Subject Design B (left) and non-inclusive exmplars of the Accused Products B (right) are set forth below; it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs are substantially and/or strikingly similar:

| Subject Design B | Accused Products B |
| --- | --- |
| Novelty 2161 | Offending Product Name: "Light Blue Floral Hoodie" |
|  |  |

COMPLAINT

| Subject Design B | Accused Products B |
|---|---|
| Novelty 2161 | Offending Product Name: "Nacy Top with Floral Front" |
| |  |

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement – Against All Defendants, and Each)

20.    Novelty repeats, realleges, and incorporates by reference as though fully set forth herein, the allegations contained in the preceding paragraphs of this Complaint.

21.    Upon information and belief, Defendants, and each of them, had access to Subject Design A and Subject Design B (collectively, the "Subject Designs") including through (a) access to Novelty's showroom and/or design library; (b) access to unauthorized copies of the Subject Designs by third-party vendors and/or DOE Defendants, including converters and printing mills; (c) access to Novelty's strike-

offs and samples; (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Designs by Novelty for its customers; and/or (e) because the Subject Designs and the design on the Accused Products A and Accused Products B (collectively, "Accused Products") are strikingly similar.

22.     Upon information and belief, one or more of the Defendants manufactures garments and/or is a garment vendor; said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said Defendant retailers composed of fabric bearing an unauthorized reproduction of the Subject Designs and/or an infringing derivative thereof.

23.     Upon information and belief, Defendants, and each of them, created, manufactured, caused to be manufactured, distributed, imported, offered for sale, and/or sold garments that infringe Novelty's copyrights in the Subject Designs through retail stores and/or websites.

24.     Due to Defendants' acts of infringement, Novelty has suffered substantial damages in an amount to be established at trial.

25.     Due to Defendants' acts of infringement, Novelty has suffered general and special damages in an amount to be established at trial.

26.     Due to Defendants' acts of infringement as alleged herein, Defendants, and each of them, have obtained direct ad indirect profits they would not have realized but for their infringement. As such, Novelty is entitled to disgorgement of Defendant's profits attributable to Defendant's infringement in an amount to be established at trial.

27.     Novelty is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00)

COMPLAINT

per infringement. Within the time permitted by law, Novelty will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

28. Novelty repeats, realleges, and incorporates by reference as though fully set forth herein, the allegations contained in the preceding paragraphs of this Complaint.

29. Upon information and belief, Novelty alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and/or subsequent sales of products featuring the Subject Designs by, inter alia, directing the manufacture of or selection and sourcing of materials and designs for the Accused Products or had agreements requiring the manufacture or sourcing of certain materials or designs, with the ability and right to supervise, direct, cancel, or otherwise modify their orders for the manufacture or purchase of the Accused Products.

30. Novelty is informed and believes and thereon alleges that Defendants had direct oversight or involvement in the sourcing of materials for and manufacture of the Accused Products and thus knew, induced, caused, or materially contributed to the infringement of Novelty's rights as alleged herein. The true and complete extent to which Defendants were involved in a network of infringement with yet undiscovered DOE Defendants and/or direct infringers will be ascertained during discovery in this action.

31. Upon information and belief, Novelty alleges that each of the retailer Defendants had written agreements with the DOE Defendants who are manufacturers such that each retailer Defendant had oversight and control over the sourcing of the Subject Designs affixed to the Accused Products.

COMPLAINT

32.   Novelty is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

33.   By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Novelty has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

34.   Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Novelty is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Novelty's rights in the Subject Designs, in an amount to be established at trial.

35.   Novelty is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a.   That Defendants, their agents, and/or anyone else working in concert with Defendants and their agents, be enjoined from infringing Plaintiff's copyrights in any manner and from further creating, manufacturing, causing to be manufactured, distributing, offering for sale, and/or selling the Accused Products;

b.   That Plaintiff be awarded all Defendants' profits, plus all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be

11
COMPLAINT

proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded its fees as available under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: May 7, 2026        By:   */s/ Trevor W. Barrett*
Trevor W. Barrett, Esq.
Nelson A. Campbell, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*

COMPLAINT